| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Kelly Warren, ESQ SBN 98070<br>Law Office of Kelly Warren<br>155 W. Badillo Street<br>Covina, CA 91723<br>(626) 859-1030 Office<br>(626) 859-1034 Fax<br><br>*Attorney for* Debtor/Defendant Joe Soto Guzman | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Joe Soto, Guzman, Debtor.<br><br>Michael Herrero and Patricia Herrero,<br>　　　　　　　　　　Plaintiffs,<br>v.<br>Joe Soto Guzman,<br>　　　　　　　　　　Defendant.<br>　　　　　　　　　　　　　　　　Debtor. | CHAPTER 7<br>Case No.: 2:09-bk-12699-SB<br>CASE NUMBER ADV2:09-ap-01549SB<br><br>DATE: 9/1/09<br><br>TIME: 11:00<br><br>COURTROOM: 1575 |

## NOTICE OF MOTION FOR:

> Motion to Quash Service of Process and Motion to Dismiss Adversary Complaint,Supporting Brief and Affidavit of Kelly Warren in Support thereof [FRBP Rule 7012, FRCP Rule 12(b)(5)]

*(Specify name of Motion)*

1.  TO: Michael Herrero and Patricia Herrero and their attorney, Michael Jay Berger

2.  NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith.  Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3.  **Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one.  (If you do not have an attorney, you may wish to consult one.)

| **Hearing Date:** 9/1/09 | **Time:** 11:00 | **Courtroom:** 1575` | **Floor:** 15 |
|---|---|---|---|
| ☒ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response with the Bankruptcy Court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the Judge's self-calendaring procedures.

Dated: 8/7/09

Law Office of Kelly Warren
*Law Firm Name*

By: _____
Name: Kelly Warren, ESQ
*Attorney for Movant*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-1.1**

1 | **KELLY WARREN, ESQ**
 | SBN 98670
2 | **155 West Badillo Street**
 | **Covina, CA 91723**
3 | **(626) 859-1030**
 | **(626) 859-1034 fax**
4 |
 | **Attorney for Debtor Joe Soto Guzman**
5 |
6 |
7 |
8 | UNITED STATES BANKRUPTCY COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10 |

| | | |
|---|---|---|
| 11 | In Re: ) | CHAPTER 7 |
| 12 | JOE SOTO GUZMAN, ) | Case No.: 2:09-bk-12699-SB |
| 13 |     Debtor. ) | Adversary No.: 2:09-ap-01549 |
| 14 | ——————————————— ) | MOTION TO QUASH SERVICE OF PROCESS and MOTION TO DISMISS |
| 15 | MICHAEL HERRERO and PATRICIA ) HERRERO, ) | ADVERSARY COMPLAINT, SUPPORTING BRIEF and AFFIDAVIT |
| 16 |     Plaintiffs, ) | OF KELLY WARREN IN SUPPORT THEREOF [FRBP Rule 7012, FRCP |
| 17 | v. ) | Rule 12(b)(5)] |
| 18 | JOE SOTO GUZMAN, ) | Hearing Date:    September 1, 2009 |
| 19 |     Defendant. ) | Hearing Time:    11:00 a.m.<br>Courtroom:    1575, 15th Floor |
| 20 | ——————————————— ) | |

21 Joe Soto Guzman, the defendant in the above-entitled action, appearing specially

22 and for this motion only, moves the court for an order quashing and setting aside the

23 service of the Alias Summons issued July 7, 2009 and Adversary Complaint served in this

24 action on defendant Joe Soto Guzman and vacating the return of service on the grounds

25 that the process was not served according to the provisions of Federal Rules of

26 Bankruptcy Procedure 7004(g). Movant further moves the court for an order dismissing

27 this case pursuant to the provisions of Federal Rule of Civil Procedure Rule 12(b)(5) for

28 failure to property serve the Summons and complaint issued by the court, Rule 12(b)(2)

1 | for lack of personal jurisdiction and Local Rule 7041-1 for failure to prosecute the matter

2 | in a timely manner

3 |      This motion is made and based on the Notice of Motion served and filed with this

4 | motion, this Motion, the Supporting Brief and the Declaration of Kelly Warren filed

5 | herein, and the documents on file with the court in these and the underlying bankruptcy

6 | proceedings.

7 | Relief Sought

8 |      Joe Soto Guzman, defendant, moves to quash the service of the Alias Summons

9 | and Complaint and to dismiss this action under Rule 12(b)(2) and 12(b)(5).

10 | Grounds for Motion

11 |      The grounds for the motion are that:

12 |      1.    The return of service on file herein and the attached Declaration of Kelly

13 | Warren shows that service in this action was accomplished by delivery of the summons

14 | and complaint to Joe Soto Guzman by U.S. mail, who is the defendant, however no such

15 | service was made on defendant's attorney Kelly Warren.

16 |      2.    The attempt to serve defendant Joe Soto Guzman is ineffectual to confer

17 | personal jurisdiction over him because service did not comply with the requirements of

18 | Rule 7004(g) of the Federal Rules of Bankruptcy Procedure which requires service upon

19 | the debtor's attorney as well as the debtor.

20 |      3.    Because this defendant has not been properly served, as required by Rule

21 | 7004(g) of the Federal Rules of Bankruptcy Procedure, the actual service upon defendant

22 | should be deemed insufficient, the service should be quashed, the return of service should

23 | be vacated and the action should be dismissed as to this defendant.

KELLY WARREN, ESQ
Attorney for Joe Soto Guzman,
Making a Special Appearance

1

## SUPPORTING BRIEF

2    A.    FACTS REGARDING ATTEMPTED SERVICE

3         This Adversary Action was commenced by filing of the complaint in these

4    proceedings on May 11, 2009. This was the absolute last date to file such a complaint in

5    these proceedings. The original summons was thereafter issued on May 14, 2009. This

6    original summons was then returned to the court unserved on June 25, 2009, even though

7    debtor and debtor's attorney's addresses were well known to plaintiffs. An Alias

8    Summons was issued to plaintiffs on July 7, 2009. The Alias Summons and Complaint

9    was served by mail upon the debtor only.

10        The Alias Summons and Adversary Complaint were served by mail upon **debtor**

11   **only** by mail on July 13, 2009. Even though debtor's attorney Kelly Warren's address

12   was listed in the Notice to Creditors and on all documents filed with the court, Plaintiff

13   made no attempt to serve debtor's attorney. The proof of service filed in these

14   proceedings on July 13, 2009 establishes these attempts to serve the Alias Summons and

15   Complaint. The Affidavit of Kelly Warren verifies that he did not receive any copy by

16   mail or any other means of service in compliance with the Federal Rules of Bankruptcy

17   Procedure or the Federal Rules of Civil Procedure.

18   B.    METHOD OF SERVICE IS INVALID

19        *Rule 4(e)* of the *Federal Rules of Civil Procedure* provides for service of process

20   on individual defendants such as Joe Soto Guzman in the following manner:

21        1.    Pursuant to the laws of the State in which the district court hearing

22              the action is located;

23        2.    Pursuant to the law of the State in which the defendant is served;

24        3.    By personal delivery to the defendant;

25        4.    By leaving copies of the Summons and Complaint with some person

26              of suitable age and discretion at the defendant's "dwelling or usual

27              place of abode"; or

28   ///

---

Motion to Quash and Motion to Dismiss Adversary Complaint

5.      By delivering copies of the Summons and Complaint to the agent authorized by appointment or by law to receive service of process for the defendant.

There has been no service in the foregoing manner.

*Federal Rules of Bankruptcy Procedure Rule 7004(b)(9)* further provides that service may be made in the following manner:

Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

While it is acknowledged that the debtor was served by mail in accordance with *FRBP 7004(b)(9)*, it is submitted that in this instance that is not enough.

Specifically, *FRBP Rule 7004(g)* requires the additional acts as follows in order to complete service:

*Service on Debtor's Attorney.* If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service ***shall*** (emphasis added) also be made upon the debtor's attorney by any means authorized under rule 5(b) F. R. Civ. P.

Plaintiff has not alleged nor represented to the court there was any attempt to serve the debtor's attorney Kelly Warren. The Return of Service filed in these proceedings on July 13, 2009, makes no mention of any such attempt. The Affidavit of Kelly Warren further indicates that there has been no mailing or other service of the complaint upon debtor's attorney Kelly Warren.

///

///

///

///

///

1  The court lacks jurisdiction over the party if service was improper. Even though a

2  party may have actual knowledge of the pleading, this is not a substitute for proper

3  service. *In Re Century Electronics,* 284 B.R. 11, 18 (Bkrtcy.D.Mass.2002). A motion is

4  proper when the court lacks personal jurisdiction over the parties. *FRCP Rule 12(b)(2).*

5  Defendant makes this special appearance seeking a determination by the court as to

6  whether the actions of service in this case confer personal jurisdiction upon him.

7       Even though a debtor has been served properly, when represented by counsel

8  service is incomplete and invalid unless the debtor's attorney has also been served in

9  compliance with the Federal Rules of Bankruptcy Procedure. *In Re Cossio,* 163 B.R. 150,

10 154 (9th Cir.BAP 1994). Since Kelly Warren, debtor's attorney of record in these

11 proceedings, has not been served and there is no allegation of timely service upon him by

12 plaintiffs, then service is invalid and not complete.

13      The party attempting service is responsible for proper service and bears the burden

14 of proof that it has been accomplished. The party objecting to service has the burden of

15 proving a prima facie error in service. The same due process and service requirements

16 are applicable to both Bankruptcy Rule 7004 and 9014. *In Re Metzger,* 346 B.R. 806, 815

17 (Bkrtcy.N.D.Cal. 2006). Defendant making this special appearance maintains he has met

18 the necessary burden of proof establishing that service has not been properly effected.

19 The return of service should be vacated and quashed in that it has not been served in

20 compliance with the applicable provisions of the Federal Rules of Bankruptcy Procedure

21 and the Federal Rules of Civil Procedure.

22      C.    THE COMPLAINT SHOULD BE DISMISSED

23      In addition to quashing the service and vacating the return of service on file in

24 these proceedings, the complaint should be dismissed. *Local Bankruptcy Rule 7041-1*

25 provides that a case may be dismissed for want of prosecution or an unreasonable delay in

26 time. Such an act is also supported by *FRCP Rule 12(b)(5).* The complaint in this

27 adversary action was filed with the court on the last possible day. It was pending for two

28 months without any demonstration of any attempt to serve the debtor or the debtor's

---

Motion to Quash and Motion to Dismiss Adversary Complaint

5

1    attorney. The rules for service in bankruptcy matters are rather simple in that it merely is

2    a matter of mailing copies of the Summons and Complaint by mail to the debtor and the

3    debtor's attorney, which amounts to almost a ministerial act. Notwithstanding the

4    simplicity of service permitted

5    , two months elapsed before anything whatsoever was done and what was done is alleged

6    to be inadequate. Debtor is entitled to a fresh start and putting this matter behind himself.

7    The bankruptcy case has been pending for over six months now and plaintiffs could have

8    filed this action at any time. That they wait to the last moment to file a complaint on the

9    last possible day, then wait two more months to serve it without any apparent reason is

10   unreasonable and the court should dismiss the complaint.

11   **CONCLUSION**

12        Defendant Joe Soto Guzman, in making this special appearance, submits that no

13   further citation of authority is necessary to establish that service was improper and

14   ineffective, and thus the previous attempts at service should be deemed inadequate and

15   the service should be quashed. Because the court lacks personal jurisdiction over this

16   defendant and furthermore the service has not been effected within a reasonable amount

17   of time, the court should dismiss this action.

18   Dated: August 6, 2009

19

20                             KELLY WARREN, ESQ

21                             Attorney for Joe Soto Guzman,
                            Making a Special Appearance

22

23

24

25

26

27

28

1

## DECLARATION OF KELLY WARREN

2    I, KELLY WARREN, hereby declare as follows:

3    1.      I am the attorney for debtor Joe Soto Guzman in these proceedings. I make this

4  declaration in support of the relief requested in the Motion to Quash Service and Dismiss

5  Complaint filed in these proceedings. All of the facts stated herein are personally known to

6  me, except those which are stated upon information and belief and those I believe to be true.

7  If called and sworn as a witness in these proceedings, I could competently testify to the

8  following matters.

9    2.      I am the attorney for debtor Joe Soto Guzman in these proceedings. My

10  address and mailing information is listed in the Petition and on the Notice to Creditors issued

11  in these proceedings as 155 W Badillo St, Covina, CA, 91723. That has been my address

12  since September 1, 2005 and continues to be my address to the date of execution of this

13  declaration.

14    3.      At no time have I ever received personally or by mail any correspondence from

15  Plaintiff's attorney or either of the Plaintiffs in these proceedings. In fact, other than

16  Plaintiff's appearance at the 341(a) hearings conducted in this matter, I have had no contact

17  with either them or their attorneys since the filing of this bankruptcy petition. I have

18  reviewed the proof of service filed on July 13, 2009, and it indicates that service was by mail

19  only on debtor Joe Soto Guzman and not upon me at any address which I may receive mail

20  at. I believe that there has been no mailing to me of the Alias Summons and Complaint filed

21  in these proceedings since Plaintiff's attorney does not claim it was mailed to me and no such

22  mailing has ever been received.

23    I declare under penalty of perjury pursuant to the laws of the State of California that

24  the foregoing is true and correct. Executed this 6th day of August, 2009, at Covina,

25  California.

26

27

_____
KELLY WARREN

28

F 9013-1.1

| In re  Joe Soto Guzman, | CHAPTER: 7 |
| --- | --- |
| Debtor(s). | CASE NO.: LA09-12699-SB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
155 W. Badillo Street, Covina, CA 91723

A true and correct copy of the foregoing document described as <u>Notion of Motion and Motion to Quash Service of</u> <u>Process and Motion to Dismiss Adversary Complaint</u>                     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>8/7/09</u>                     I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Michael Jay Berger
Law Offices of Michael Jay Berger
9454 Wilshire Blvd., 6th Floor
Beverly Hills, CA 90212-2929

Overnight Mail # EK696607785US

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/7/09 | Lauren Crosby | |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-1.1